NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 31 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



LOUIS B. EDLESON, on behalf of himself and all others similarly situated,

Plaintiff - Appellant,

v.

TRAVEL INSURED INTERNATIONAL, INC.; UNITED STATES FIRE INSURANCE COMPANY,

Defendants - Appellees.

No. 24-5042

D.C. No.
3:21-cv-00323-WQH-SBC

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted October 20, 2025
Pasadena, California

Before: IKUTA, R. NELSON, and VANDYKE, Circuit Judges.
Dissent by Judge IKUTA.

Plaintiff Louis B. Edleson appeals the district court's grant of summary

judgment on Edleson's First Amended Complaint. We have jurisdiction under 28

U.S.C. § 1291, and affirm.

We review a grant of summary judgment de novo. *Los Padres ForestWatch*

*v. U.S. Forest Serv.*, 25 F.4th 649, 654 (9th Cir. 2022). Under section 481.5(a) of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the California Insurance Code, an insurer must return the "unearned premium resulting from the termination" of an insurance policy, or the "unearned premium generated by [a] reduction in coverage."[1] A premium is earned if the insurer has been liable for a covered risk for any period of time. Cal. Ins. Code § 482. Edleson is not entitled to a return of any part of the premium for the travel insurance policy that he purchased for a trip that was later canceled due to COVID-19 because there was no unearned premium. There were no indicators that the policy was divisible into pre- and post-departure risks: Edleson paid a single premium for a travel insurance policy which covered risks for the entire trip, and the policy did not divide coverage into specific risks, did not itemize the premium by benefit types, and did not allow a refund of the premium if the trip was canceled. Under these circumstances, the insurer became liable for pre- and post-departure risks at the time Edleson purchased the insurance. Although California courts have not addressed this issue directly, other courts have reached the same conclusion as a matter of insurance law. *See Haas v. Travelex Ins. Servs. Inc.*, 679 F. Supp. 3d 962, 968–70 (C.D. Cal. 2023); *see also Rivard v. Trip Mate, Inc.*, No. 22-1554, 2023 WL 2624721, at *3–4 (3d Cir. Mar. 24, 2023); *In re Generali COVID-19 Travel Ins. Litig.*, 576 F. Supp. 3d 36, 52 (S.D.N.Y. 2021).

---

[1] California Insurance Code Section 483(c) is not applicable here, because the insurance policy terminated automatically by its terms, not due to a default of Edleson.

Therefore, the district court properly granted summary judgment on Edleson's unjust enrichment claim because defendants did not unjustly retain Edleson's premium. *See Pro. Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230, 239 (2018). Likewise, summary judgment was proper on Edleson's unfair competition claim, Cal. Bus. & Prof. Code § 17200, because defendants did not engage in an unfair business practice of retaining Edleson's unearned premium in violation of public policy. *See Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 81 (2013).

**AFFIRMED.**



*Edleson, et al., v. Travel Insured International Inc., et al.*, No. 24-5042

IKUTA, Circuit Judge, dissenting:

Rather than take it upon ourselves to decide an open question of California law, I would certify a question to the California Supreme Court, for the reasons set forth below.

In concluding that there were no unearned premiums because the insurer was liable for the risks of the entire trip at the time Edleson purchased the insurance policy, the majority is deciding an issue of California law. However, there is no precedent from any California court on when, pursuant to California Insurance Code Section 481.5(a), a premium is "unearned." Because there is no indication that the California Supreme Court would follow the law of other states on this issue, the persuasive authority relied upon by the majority is of limited value in determining how the issue should be decided under California law. *See In re Generali COVID-19 Travel Ins. Litig.*, 576 F. Supp. 3d 36, 52 (S.D.N.Y. 2021) (compiling factors from Florida, Georgia, and Missouri cases to decide that, under Florida and Pennsylvania law, a travel insurance contract was indivisible and therefore risk attached at the time of the policy's purchase); *Rivard v. Trip Mate, Inc.*, No. 22-1554, 2023 WL 2624721, at *3–4 (3d Cir. Mar. 24, 2023) (applying a test for divisibility taken from both Michigan and New Jersey law); *Haas v. Travelex Ins. Servs. Inc.*, 679 F. Supp. 3d 962, 969–70 (C.D. Cal. 2023) (relying on

*Rivard* and *Generali*, and not principles of California law, to decide an insurance policy was indivisible). The insurance treatises and other secondary sources relied on by the parties do not illuminate how the California Supreme Court would decide the issue.

Since there is no clear indication how the California Supreme Court would decide this issue, I would certify the following question to the California Supreme Court:

> If a short-term, single-pay, single-term, and non-renewable travel insurance policy terminates because the insured trip is canceled, is any portion of the premium for that policy an "unearned premium" for purposes of California Insurance Code Section 481.5.

*See* Cal. R. Ct. 8.548(a) (allowing certification when: "(1) [t]he decision could determine the outcome of a matter pending in the requesting court; and (2) [t]here is no controlling precedent.").